Filed 10/27/21  P. v. Whitley CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074407 |
| v. | (Super. Ct. No. FVI19002338) |
| AARON DWAYNE WHITLEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Tony Raphael, Judge.  Affirmed.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

A jury convicted defendant and appellant, Aaron Whitley, of two counts of assault with a deadly weapon, a motor vehicle (Pen. Code, § 245, subd. (a)(1); counts 1 & 2), and the trial court sentenced him to four years in prison. On appeal, defendant argues the trial court prejudicially erred by admitting evidence that he tried to apologize to one of the victims. We find no abuse of discretion and affirm the judgment.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

One of the victims, K.H., was living in an apartment with his mother and Gary T., who K.H. considers to be his "stepdad." K.H.'s girlfriend, D.S., drove K.H. to his apartment. When they arrived, they noticed defendant's car in D.S.'s usual parking spot outside of the apartment. Defendant, a close friend of Gary's for 30 years, was visiting Gary.

K.H. went inside and asked defendant to move his car so D.S. could park in her spot. Defendant refused, so Gary moved defendant's car. K.H. and D.S. then went to get Taco Bell.

When they returned to the apartment, K.H. threw out his trash. Defendant said to K.H., "'[t]hat's all you want[ed] me to move my car for, just to throw away Taco Bell?'" K.H. replied, "'No. The reason why I want[ed] you to move your car is because I live here.'" Defendant became angry and "[threw] a tantrum." K.H. told defendant to leave,

but he refused and began cursing at K.H.  K.H. and defendant got into a verbal altercation, and Gary told defendant to leave.  Defendant continued yelling and cursing at K.H. and left only after Gary told him to leave several times.

Defendant left through the garage door and called someone on his phone.  K.H. and D.S. went outside, and D.S. tried to get defendant to stop his phone call, but defendant got into his car and continued the call.  Defendant started cursing at K.H. and said, "'I'm gonna have somebody come over here,'" and "'I got something for you.'"

D.S. called 911 while she and K.H. stood together near the garage door in rock landscaping.  Defendant pulled his car out of the parking spot, drove fast toward D.S. and K.H., and tried to run them over.  D.S. pushed K.H. out of the way, but defendant struck her with his car, knocking her over.  Defendant then collided with her car.  While D.S. and K.H. were on the ground, defendant went into reverse and tried to run them over.

K.H. stood up and approached defendant's driver side window.  Defendant grabbed K.H. by the shirt, and K.H. punched him in the face.  Defendant let go of K.H., drove to the entrance of the apartment complex and parked.  Defendant cursed at K.H. and said he was calling someone to come "shoot up the house."  When D.S. put her call to 911 on speakerphone, defendant drove away.

San Bernardino County Sheriff's Deputy Gregory Guzman responded to D.S.'s call.  K.H. and D.S. told Deputy Guzman what defendant had done.  Deputy Guzman believed that the tire tracks, tire marks, and damage to D.S.'s vehicle were consistent with their story.  Defendant was arrested about a block away.

3

III.

DISCUSSION

Defendant's sole claim on appeal is that the trial court erroneously admitted evidence that he tried to apologize to K.H. We find no abuse of discretion.

Before trial, the People moved to admit testimony from K.H. that defendant tried to apologize to him after the incident. The trial court held a hearing on the motion during which K.H. explained that defendant came over and told Gary that he wanted to apologize to K.H. Gary told K.H. that defendant was outside and wanted to apologize to him so that they could "let things go," although Gary did not specify why defendant wanted to apologize. K.H. refused, despite Gary telling him "over 20 times" to go outside and speak with defendant. K.H. never went outside or spoke with defendant, but K.H. heard defendant talking to Gary outside.

The People argued K.H.'s testimony was admissible because it was indicative of his consciousness of guilt. Defendant argued the testimony was inadmissible because his alleged apology was relayed through Gary and it was not indicative of his consciousness of guilt because he was not trying to intimidate or dissuade K.H. from testifying. Defendant also argued K.H.'s testimony should be excluded under Evidence Code section 352 as unduly prejudicial. The trial court disagreed, finding that K.H.'s testimony was admissible to prove defendant's consciousness of guilt and was not unduly prejudicial.

4

"Evidence showing consciousness of guilt . . . is generally admissible within the trial court's discretion. The court's ruling is reviewed for abuse of discretion." (*People v. Anderson* (2018) 5 Cal.5th 372, 391.) "'[C]onsciousness of guilt'" means "'consciousness of some wrongdoing' rather than 'consciousness of having committed the specific offense charged.'" (*People v. Crandell* (1988) 46 Cal.3d 833, 871, abrogated on other ground by *People v. Crayton* (2002) 28 Cal.4th 346, 364-365.)

Defendant argues K.H.'s testimony about his alleged attempted apology was inadmissible because he was not trying to intimidate K.H. or dissuade him from testifying. He further argues that K.H.'s testimony was inadmissible because evidence that a defendant attempted to intimidate or dissuade a witness is admissible only if the defendant or someone authorized by him made the attempt. Finally, defendant asserts the evidence about his attempted apology to K.H. should have been excluded under Evidence Code section 352.

The People did not argue that K.H.'s testimony was admissible to show that defendant tried to intimidate or dissuade him. The trial court also did not admit his testimony on that basis. Rather, the People argued, and the trial court agreed, that K.H.'s testimony was admissible because defendant's attempt to apologize to K.H. was circumstantial evidence of his consciousness of guilt for the offenses.

K.H. explained that defendant showed up at his residence and Gary, defendant's close friend of many years, repeatedly told K.H. that defendant wanted to apologize. Defendant was outside while Gary spoke to K.H. After K.H. refused to speak to

5

defendant, K.H. heard Gary talk to defendant outside.  Under these circumstances, the jury could reasonably infer that defendant tried to apologize to K.H.  And from his attempted apology, the jury could reasonably infer defendant's "'consciousness of some wrongdoing.'"  (*People v. Crandell*, *supra*, 46 Cal.3d at p. 871.)  So even if there was no evidence that defendant tried to dissuade K.H. or that defendant authorized Gary to speak to K.H. on his behalf, K.H.'s testimony was admissible to prove defendant's consciousness of guilt.  (See *People v. Anderson*, *supra*, 5 Cal.5th at p. 391 ["Evidence showing consciousness of guilt . . . is generally admissible within the trial court's discretion."]; *People v. Vu* (2006) 143 Cal.App.4th 1009, 1029 [evidence that the defendant "behaved in a manner displaying consciousness of guilt" after the crime was admissible].)

Defendant contends that the trial court nonetheless should have excluded K.H.'s testimony under Evidence Code section 352.  "Under Evidence Code section 352, the probative value of the proffered evidence must not be substantially outweighed by the probability that its admission would create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."  (*People v. Cole* (2004) 33 Cal.4th 1158, 1195.)  Evidence that is unduly prejudicial "'"uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues."'"  (*People v. Doolin* (2009) 45 Cal.4th 390, 439.)

We review the trial court's evidentiary rulings under the deferential abuse of discretion standard.  (*People v. Roberto V.* (2001) 93 Cal.App.4th 1350, 1366-1367.) We

6

will disturb the trial court's ruling only if the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. (*People v. Clark* (2016) 63 Cal.4th 522, 572.)  Defendant bears the burden of establishing an abuse of discretion and resulting prejudice.  (*Ibid.*)

The trial court rationally found that K.H.'s testimony about defendant's attempted apology was more probative than prejudicial.  As noted, K.S. testimony was probative of defendant's consciousness of guilt.  The trial court permissibly found that K.H.'s testimony was not unduly prejudicial because it was unlikely to inflame the jury's passions or biases against defendant.  As the trial court observed, K.H.'s testimony could have had the opposite effect in that the jury might infer from his attempt to apologize to K.H. that he was remorseful for his actions.  We do not find anything arbitrary, capricious, or patently absurd about the trial court's decision to admit K.H. testimony, particularly given defendant proffers no argument as to why K.H.'s testimony was unduly prejudicial.  (*People v. Hill* (2011) 191 Cal.App.4th 1104, 1122.)

Even if the trial court erred in admitting K.H.'s testimony, any error was harmless. "[R]eversal is required only if it is reasonably probable the defendant would have obtained a more favorable result had [K.H.'s testimony] been excluded." (*People v. Carrillo* (2004) 119 Cal.App.4th 94, 103.)  Given the strength of the evidence of defendant's guilt, it is not reasonably probable that defendant would have obtained a better result in the absence of K.H.'s testimony that defendant tried to apologize to him.

7

K.H. and D.S. testified that defendant tried to run them over with his car twice, and Deputy Guzman testified that the physical evidence at the crime scene was consistent with their testimony. Paint chips found on D.S.'s car also matched the color of defendant's car, which corroborated K.H. and D.S.'s testimony that defendant crashed into D.S.'s car.

Deputy Guzman was wearing a recording device on his gun belt during the incident. Deputy Guzman's belt recording, which was played for the jury, further corroborated K.H. and D.S.'s testimony. The recording captured Gary's comments made shortly after the assault that defendant "went crazy," "acted like a fool and took it out" on K.H., and that defendant "brought this on his own." The jury also heard a recording of D.S.'s 911 call during which she can be heard screaming. She testified that she screamed because defendant was driving toward her. Finally, defendant fled the scene when D.S. put her 911 call on speakerphone, which was further evidence of his guilt. (See CALCRIM No. 372.)

On this record, it is not reasonably probable that defendant would have received a more favorable result had the trial court excluded K.H.'s testimony that defendant tried to apologize to him. Any error in the trial court's admitting his testimony was therefore harmless.

8

IV.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

FIELDS
J.